IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                            No. 1:13-cr-1671 RB

GABRIEL ANTHONY SAIZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's (Mr. Saiz's) objection to the Presentence Investigation Report's (PSR's) conclusion that his base offense level is 20. Having considered the submissions of counsel and relevant law, the Court finds that this objection should be overruled.

**I.**    **Background**

The PSR set Mr. Saiz's base offense level at 20, pursuant to U.S.S.G. § 2K2.1, because he was "under indictment" at the time he committed the present offense and he is therefore a prohibited person within the meaning of 18 U.S.C. § 922(n). Mr. Saiz contends that he was not "under indictment" because he was subject to a New Mexico Conditional Discharge Order at the time. (Doc. 55). The United States responds that Mr. Saiz was "under indictment" for purposes of U.S.S.G. § 2K2.1 and the PSR correctly set the base offense level at 20. (Doc. 61).

In January 2011, Mr. Saiz was charged in Grant County, New Mexico with burglary, larceny, and battery, in violation of N.M. STAT. ANN. §§ 30-16-3, 30-16-1, and 30-3-4. (Doc. 55-1). On April 4, 2011, Mr. Saiz pleaded guilty to the charges and District Judge J.C. Robinson

issued a Conditional Discharge Order pursuant to N.M. STAT. ANN. § 31-20-13. The Conditional Discharge Order states in pertinent part that, "without an adjudication of guilt, further proceedings will be deferred and the charges will be discharged after three (3) years on the condition that Defendant . . . successfully complete supervised probation for a period of three (3) years . . . ." (Doc. 55-1). The conditions of probation required that Mr. Saiz not violate the law of any jurisdiction. (*Id*.)

On November 27, 2012, Mr. Saiz committed the crimes charged in the present case, to wit: (1) possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841(a), 5845(a)(3), 5861(d), and 5871; and (2) possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B), and 2. (Doc. 18). On September 10, 2013, Mr. Saiz pleaded guilty to these charges. (Doc. 36).

**II.     Discussion**

Section 2K2.1(a)(4) of the Sentencing Guidelines sets the base offense level at 20, if:

(A) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense; or

(B) the (i) offense involved a (I) semiautomatic firearm that is capable of accepting a large capacity magazine; or (II) firearm that is described in 26 U.S.C. 5845(a); and (ii) defendant (I) was a prohibited person at the time the defendant committed the instant offense; (II) is convicted under 18 U.S.C. 922(d); or (III) is convicted under 18 U.S.C. 922(a)(6) or 924(a)(1)(A) and committed the offense with knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person.

U.S.S.G.§ 2K2.1(a)(4)(A-B). For purposes of subsections (a)(4)(B) and (a)(6), "prohibited person" means any person described in 18 U.S.C. § 922(g) or § 922(n).

Section 922(g)(1) prohibits any person convicted of a crime punishable by imprisonment for a term exceeding one year from receiving a firearm shipped or transported in interstate

commerce. 18 U.S.C. § 922(g)(1). Section 922(n) prohibits any person "under indictment" from receiving a firearm shipped or transported in interstate commerce. 18 U.S.C. § 922(n). "Indictment" is defined as "an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted." *See* 18 U.S.C. § 921(a)(14).

Federal courts look to state law to determine whether a defendant is "under indictment" within the meaning of 18 U.S.C. § 922(n). *United States v. Larkins,* 2013 WL 6498068 * 2 (N.D. Okla., Dec. 11, 2013). The Eighth Circuit has interpreted Missouri law to provide that the primary purpose of an indictment is to give notice to a defendant and a guilty plea extinguishes an indictment. *United States v. Hill*, 210 F.3d 881, 884 (8th Cir. 2000). In *Hill,* the defendant pleaded guilty and the Missouri state court suspended the imposition of sentence. *Id.* at 883. The relevant Missouri statute authorizes the trial court to: "(3) Suspend the imposition of sentence, with or without placing the person on probation; [or] (4) Pronounce sentence and suspend its execution, placing the person on probation. REV. STAT. MO. § 557.011.2(3)-(4). It bears underscoring that the Missouri statute does not contemplate a conditional dismissal contingent on the defendant's future behavior. *Id*. Instead, it allows for the imposition of a suspended sentence. *Id*. Based on these aspects of Missouri law, the Eighth Circuit concluded that a defendant who received a suspended sentence was not "under indictment" within the meaning of Section 922(n). *Hill*, 210 F.3d at 884.

Conversely, the Fifth Circuit has applied Texas law and concluded that a criminal charge remains pending while a defendant is under a deferred adjudication so the defendant is therefore still "under indictment" for purposes of §922(n). *United States v. Valentine*, 401 F.3d 609, 616 (5th Cir. 2005). The Texas statute in question states in relevant part:

3

> (a) [W]hen in the [trial] judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer proceedings without entering an adjudication of guilt, and place the defendant on community supervision.

TEX. CODE CRIM. PROC. ANN. ART. 42.12, § 5. Unlike the Missouri statute, the Texas statute envisions a remedial purpose contingent on the defendant's fulfillment of supervisory requirements and the charges remain pending during the period of community supervision. *Valentine,* 401 F.3d 615. The Fifth Circuit considered these factors and concluded that a defendant who was subject to a deferred adjudication was "under indictment" for purposes of Section 922(n). *Valentine,* 401 F.3d at 616.

Similarly, Judge Eagan of the Northern District of Oklahoma applied Oklahoma law and determined that when a defendant receives a deferred sentence, the criminal charge is still pending and the defendant remains "under indictment" within the meaning of Section 922(n). *United States v. Larkins,* 2013 WL 6498068 * 2 (N.D. Okla., Dec. 11, 2013). The Oklahoma statute provides in pertinent part:

> A. Upon a verdict or plea of guilty . . . but before a judgment of guilt, the court may, without entering a judgment of guilt . . . defer further proceedings upon the specific conditions prescribed by the court not to exceed a ten-year period . . . .
>
> C. Upon completion of the conditions of the deferred judgment . . . the defendant shall be discharged without a court judgment of guilt, and the court shall order the verdict or plea of guilty . . . to be expunged from the record and the charge shall be dismissed with prejudice to any further action . . . .

22 OKL. STAT. ANN. § 991c. In a manner resembling the Texas statute, the Oklahoma statute looks to the defendant's future behavior and the outcome of the criminal case is contingent on the conduct of the defendant. It is material that the defendants in *Valentine* and *Larkins* received deferred adjudications but the defendant in *Hill* received a suspended sentence. *Id*. at 615. This is a crucial distinction.

In the state case, Judge Robinson granted Mr. Saiz a conditional discharge under N.M. STAT. ANN. § 31-20-13, which states in pertinent part:

> A. When a person who has not been previously convicted of a felony offense is found guilty of a crime for which a deferred or suspended sentence is authorized, the court may, without entering an adjudication of guilt, enter a conditional discharge order and place the person on probation . . . .
>
> B. If the person violates any of the conditions of probation, the court may enter an adjudication of guilt and proceed as otherwise provided by law.

N.M. STAT. ANN. § 31-20-13.

Analogous to the Texas and Oklahoma statutes, the New Mexico statute looks to the future conduct of the defendant and the outcome of the criminal proceeding is contingent on whether the defendant complies with the conditions of probation. *Id.* The New Mexico Supreme Court recently observed that a conditional discharge means that the charges are dismissed upon satisfaction of the conditions of deferment. *See State v. Reese,* 326 P.3d 454, ¶ 50 (N.M. 2014). Notably, the charges remain pending during the deferment period. *See id*. Accordingly, the New Mexico statute operates much the same as the Texas and Oklahoma statutes, but it materially differs from Missouri law. *Compare* N.M. STAT. ANN. § 31-20-13; TEX. CODE CRIM. PROC. ANN. ART. 42.12, § 5; 22 OKL. STAT. ANN. § 991c, *with* REV. STAT. MO. § 557.011.2(3)-(4). As a result, *Valentine* and *Larkins* are more persuasive than *Hill*.

The Conditional Discharge Order under review is consistent with this conclusion as it is couched in the future tense. (Doc. 55-1). Specifically, the Conditional Discharge Order states: "the charges will be discharged after three (3) years on the condition that . . . ." (*Id.*) If Mr. Saiz had successfully completed the conditions imposed by Judge Robinson, the state indictment would have been dismissed and he would not have been "under indictment" within the meaning of § 922(n) when he committed the present offense. However, Mr. Saiz did not successfully

complete the conditions contained in the Conditional Discharge Order as he committed the present offenses during the three-year deferment period. Specifically, Mr. Saiz committed the instant offenses on November 27, 2012, which is within three years of April 4, 2011. (Docs. 1, 55-1). For this reason, Mr. Saiz was "under indictment" at the time he committed the present offenses for purposes of 18 U.S.C. § 922(n). The PSR correctly concluded that Mr. Saiz was "under indictment" at the time he committed the present offenses for purposes of 18 U.S.C. § 922(n).

    **THEREFORE,**

    **IT IS ORDERED** that Mr. Saiz's objection to the PSR's conclusion that his base offense level is 20 is **OVERRULED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**